UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:11-cv-00545-SEB-MJD |
| NORTH POINTE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| NORTH POINTE INSURANCE COMPANY, ) | |
| ) | |
| Counter and Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT SHORT, JANET SHORT, and ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Counter and Third-Party ) | |
| Defendants. ) | |

**ORDER DENYING MOTION IN LIMINE**

This matter is now before the Court on Robert Short and Janet Short's motion in limine [Docket No. 109], filed on December 14, 2012, seeking to preclude Defendant and Third-Party Plaintiff North Pointe Insurance Company's ("North Pointe") expert, Tom Wood, from testifying at trial as to the heat setting in the Shorts' residence which arguably provided proximate cause for the subsequent damage to the property. For the reasons detailed below, we <u>DENY</u> the Shorts' motion in limine.

1

The admissibility of expert testimony is governed by the framework set out in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993). *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). Applying this framework, courts must undertake:

> a three-step analysis: the witness must be qualified "as an expert by knowledge, skill, experience, training, or education"; the expert=s reasoning or methodology underlying the testimony must be scientifically reliable; and the testimony must assist the trier of fact to understand the evidence or determine a fact in issue.

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (quoting Fed. R. Evid. 702) (internal citations omitted); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the *Daubert* admissibility framework to expert testimony in the social sciences). "The *Daubert* standard applies to all expert testimony, whether it relates to areas of traditional scientific competence or whether it is founded on engineering principles or other technical or specialized expertise." *Smith v. Ford Motor Co.*, 215 F.3d 713, 719 (7th Cir. 2000) (citing *Kumho*, 526 U.S. at 141).

The Shorts do not oppose Mr. Wood's proffered opinions by contending that he is not qualified as an expert in the subject matter or that his reasoning and methodology are unreliable, rather that his opinions regarding the proper heat setting for the property are not relevant to the facts at issue, and thus, will not assist the trier of fact to understand the evidence or determine a fact in issue. Specifically, the Shorts argue that that following conclusions and opinions should be stricken from Mr. Wolf's expert report and that he should be prohibited from testifying as to any of these topics:

2

**CONCLUSIONS**

…

3. The freeze and break of the copper supply pipe occurred as a result of inadequate heat in the structure.

4. Given the low heat condition inside the dwelling, it is more likely than not that multiple freeze cycles affecting the water supply pipe for the whirlpool tub occurred prior to the failure of the pipe.

…

**DISCUSSION**

…

In his sworn statement, Mr. Short stated that he set the thermostat for the heat pump to "heat" and set the temperature to 42 [degrees] in August of 2009. Based on our experience and research, the minimum low heat setting for a residential structure that has not been winterized is 55 [degrees]. Obtaining a lower safe heat setting than 55 [degrees] would require evaluation of the structure and monitoring for freezing conditions inside the structure. It is our technical opinion, therefore, that a heat setting of 42 [degrees] is not appropriate for a residential structure in this geographic area. It is also our technical opinion that the low heat setting of 42 [degrees] did not provide sufficient heat in the subject dwelling to prevent the water supply pipes from freezing and was the underlying cause of the failure of the copper water supply pipe under the whirlpool tub. This is evidenced by the broken copper water pipe and the enlargement of the adjacent copper water pipe at the valve for the whirlpool tub.

It is our further technical opinion that the 42 [degree] heat setting created an environment in which it is more likely than not the copper water supply pipe connected to the whirlpool tub valve froze multiple times before failing and discharging water into the structure. Fluctuations in outside temperature would affect the temperature of the cavity under the whirlpool tub containing the copper supply pipes. A brief period of extremely cold outside air would result in frozen water inside the copper pipes and the corresponding expansion of the copper pipes. Given the malleable nature of the copper, some expansion could be accommodated without complete failure. However, multiple freeze cycles caused by varying outside air temperatures over several weeks would cause repeated expansion of the copper ultimately leading to the failure of one of the copper pipes.

**SUMMARY**

> Our investigation determined that … 3) the freeze and break of the copper supply pipe occurred as a result of the inadequate heat in the structure, and 4) given the low heat condition inside the subject dwelling, it is more likely than not that multiple freeze cycles affecting the whirlpool tub water supply pipe occurred prior to the failure of the pipe.

Docket 71-2, Water Damage Investigation Report at Ex. B at 2-3.

Expert testimony must be "relevant and factually linked to the case in order to meet Rule 702's 'helpfulness' requirement." *United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) (citations omitted). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citations omitted). The Shorts argue that, because the "Freezing" peril provision in the insurance policy at issue, which requires the policyholder to have "used reasonable care to … [m]aintain heat in the building," must be interpreted from the perspective of an ordinary policyholder of average intelligence, Mr. Wood's technical opinion regarding the appropriate heat setting is irrelevant as it does not help to determine what "reasonable care to maintain heat" means to an ordinary policyholder of average intelligence and impermissibly usurps the jury's role in determining the meaning of this phrase.

We are not persuaded by this argument. We agree that the ultimate question is whether Mr. Short's actions constituted the use of "reasonable care to maintain heat" in the property and that this must be determined from the perspective of an ordinary policyholder of average intelligence. Thus, as we noted in our prior entry addressing the parties' respective summary judgment motions, Mr. Wood's testimony regarding what he believes would have been the appropriate and safe heat setting is not dispositive.

4

However, this does not mean that Mr. Wood's opinions are irrelevant. The majority of the testimony that the Shorts seek to exclude addresses the chain of events that, in Mr. Wood's opinion, caused the water damage at issue in this litigation, a topic that is clearly related to the issues in this case. Mr. Wood's opinion that a setting of 55 degrees would have been appropriate is also relevant because, although it is not determinative of the ultimate issue, it provides context that may assist the jury in assessing reasonableness. Any potential prejudice can be ameliorated with careful cross examination and the Court's instructions to the jury. For these reasons, the Short's motion in limine is <u>DENIED</u>.

    IT IS SO ORDERED.

Date: _05/28/2013_____

                                  SARAH EVANS BARKER, JUDGE
                                  United States District Court
                                  Southern District of Indiana

Distribution:

Brian Scott Jones
BOSE MCKINNEY & EVANS, LLP
b.jones@boselaw.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Theodore J. Nowacki
BOSE MCKINNEY & EVANS, LLP
tnowacki@boselaw.com

Elizabeth J. Wysong Berg
GOODIN ABERNATHY LLP
eberg@goodinabernathy.com

James A Goodin, Jr.
GOODIN ABERNATHY LLP
jgoodin@goodinabernathy.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Tonya J. Bond
PLEWS SHADLEY RACHER & BRAUN
tbond@psrb.com

Katherine K. Schuman
PLEWS SHADLEY RACHER & BRAUN LLP
kschuman@psrb.com